IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER SNOW,
                                                                                                                PLAINTIFF

v.                                  Case No. 6:07-cv-6039

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                      DEFENDANT

**MEMORANDUM OPINION**

BEFORE the Court is Plaintiff's Motion to Remand for Supplemental Hearing pursuant to 42 U.S.C.§ 405(g). (Doc. No. 13).[1] The Defendant has responded and objects to Plaintiff's motion. (Doc. No. 15). The Court having reviewed the pleadings finds as follows:

**1. Procedural Background**:

This is a Social Security case. The Social Security Administration (SSA) held an administrative hearing on February 14, 2006, and issued a decision on September 16, 2006 denying Plaintiff's application for disability benefits. (Tr. 10-21, 413-436). Plaintiff sought a review of this decision by the Appeals Council which was denied by the Appeals Council on March 27, 2007. (Tr. 4-6). On June 4, 2007, Plaintiff appealed this decision to this Court. (Doc. No. 1). On August 20, 2007, Plaintiff filed his Motion to Introduce New Evidence which contained 131 pages of medical records. (Doc. No. 8). These records were medical records of Plaintiff from Bridgeway Hospital from July 20, 2005, through July 26, 2005 and St. Joseph's Mercy Health Center from January 15,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

2005, through February 5, 2006. This Court denied Plaintiff's Motion to Introduce New Evidence on September 6, 2007. (Doc. No. 12). Plaintiff had failed to establish good cause for his failure to incorporate the records at issue into the administrative record. On September 12, 2007, Plaintiff filed his Motion to Remand for Supplemental Hearing pursuant to 42 U.S.C.§ 405(g). (Doc. No. 13).[2] Defendant has objected to Plaintiff's motion arguing Plaintiff's motion is an attempt to circumvent the Courts previous Order in which the Court denied Plaintiff Motion to Introduce New Evidence and Plaintiff has failed to establish "good cause" for his failure to incorporate the records at issue into the administrative record.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). Pursuant to this authority, the Court issues this memorandum opinion and orders the remand of this case for further proceedings.

**2. Applicable Law:**

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), explains the law regarding requests for consideration of additional evidence:

> The court shall have the power to enter, upon the pleadings and transcript of record, a judgement affirming, modifying, or reversing the decision of the Commissioner . . . The court . . . may, at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

---

[2] Although Plaintiff did not attach the records he seeks to have supplemented on remand, reference is made to the records attached to Plaintiff's Motion to Introduce New Evidence. (Doc. No. 8 Attachments 1 & 2). These records were medical records of Plaintiff from Bridgeway Hospital from July 20, 2005, through July 26, 2005 and St. Joseph's Mercy Health Center from January 15, 2005, through February 5, 2006. The court will assume these are the same records at issue in this motion of Plaintiff.

*See* 42 U.S.C. § 405(g) (1976), as amended, Pub.L. No. 96-265 (1980).

**3. Discussion:**

At the close of Plaintiff's administrative hearing, the Administrative Law Judge (ALJ) indicated he would hold the record open for thirty (30) days to allow Plaintiff to submit records from three specific sources of medical providers, along with any others the Plaintiff could locate. (Tr. 435). One of the specific providers mentioned by the ALJ was Bridgeway Hospital. (Tr. 435). The ALJ stated these records "would be significant." (Tr. 435). The Plaintiff now seeks to supplement the record with 131 pages of medical records. These include medical records of Plaintiff from Bridgeway Hospital from July 20, 2005, through July 26, 2005 and St. Joseph's Mercy Health Center from January 15, 2005, through February 5, 2006. (Doc. No. 8 Attachments 1 & 2).

Although the court may, at any time, order additional evidence to be taken before the Commissioner, this can only be upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *See* 42 U.S.C. § 405(g) (1976), as amended, Pub.L. No. 96-265 (1980).

Evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *See Goad v. Shalala*, 7 F.3rd 1397, 1398 (8th Cir. 1991). I find the medical records Plaintiff offers material as they relate to Plaintiff's condition prior to September 16, 2006, the date of the ALJ's decision. Further support for the materiality of the proffered medical records is the ALJ's specific request for records from Bridgeway Hospital and other sources, and his belief that these records would be significant.

Plaintiff's counsel argues the records from Bridgeway Hospital were received in her office on March 6, 2006, approximately three weeks following the administrative hearing, but due to an

unspecified clerical mistake, these medical records were never mailed to the ALJ. (Doc. No. 13 Pg. 2). I find there is good cause for the failure to incorporate the records of Bridgeway Hospital into the record at the administrative hearing.

Plaintiff provides no eplanation why the records from St. Joseph's Mercy Health Center were not placed into the administrative record before the ALJ. However, in addition to the records of Bridgeway Hospital, the ALJ originally allowed the record to remain open for thirty (30) days after the hearing to allow Plaintiff to supplement the record with any material medical records the Plaintiff could locate. I therefor find that Plaintiff may submit any additional records the ALJ determines would be material and that would assist the ALJ in his decision on remand.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Remand for Supplemental Hearing pursuant to 42 U.S.C.§ 405(g) (Doc. No. 13) be **GRANTED.** This case shall be remanded to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g), including Plaintiff's records from Bridgeway Hospital, and any other records the ALJ determines would assist in his decision.

**DATED** this **9th day of October, 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE